**IMG-191**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1524
_____

LIN LEE,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A077-950-685)
Immigration Judge: Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 7, 2011
Before: AMBRO, GREENAWAY, JR. AND GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 6, 2011)
_____

OPINION
_____


PER CURIAM

Lin Lee ("Lee") petitions for review of the Board of Immigration Appeals' final

order of removal.  For the reasons that follow, we will grant the petition for review and

remand for further proceedings consistent with our recent opinion in <u>Prestol Espinal v.</u>

<u>Att'y Gen. of the U.S.</u>, --- F.3d ---, 2011 WL 3314945 (3d Cir. August 3, 2011).

Lee, a native and citizen of China, entered the United States on May 13, 2000. On May 19, 2000, the Department of Homeland Security issued a Notice to Appear, charging that she was removable under the Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien not in possession of a valid entry document, and INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), as an alien who, by fraud, sought to procure an immigration benefit. While in removal proceedings, Lee filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. Lee claimed that she feared returning to China because she had quarreled with the family planning officials who sought to collect a fine from her parents. Following a hearing on the merits, the Immigration Judge, on September 19, 2000, denied Lee's applications and ordered her removed to China. Lee waived her right to appeal the IJ's decision, and the government removed her three days later on September 22, 2000.

Lee re-entered the United States on or about April 16, 2003 by crossing the Mexican border. She gave birth to her first child, Terence Li Tang, on May 16, 2005. On June 22, 2009, she filed a motion to reopen removal proceedings in Immigration Court, 8 C.F.R. § 1003.23(b)(1), for the purpose of submitting another application for asylum. In an affidavit in support, Lee explained that, on the day that she was removed from the United States, she was flown to South Africa. On or about July 13, 2001, after travelling through South Africa, Thailand, and Malaysia, and after being detained for varying lengths of time in South Africa and Malaysia, Lee was deported from Malaysia to China. Upon her landing in Guangzhou, she presented a fraudulent passport to Chinese officials. The fraud was detected and she was taken into custody, where she was

2

interrogated and severely beaten over a period of two days. During her visit to a local hospital on July 17, 2001 for medical treatment for her detention-related injuries, Lee was diagnosed with severe contusions to her face and gastric bleeding.

In her new asylum application, Lee claimed that she feared returning to China again because government officials there would subject her to the same mistreatment she experienced upon her previous return in July 2001. Lee acknowledged that she did not file her successive asylum application within one year of her arrival in the United States, see 8 U.S.C. § 1158(a)(2)(B), but stated that she sought to do so now because she wished to have a second child, which would constitute a violation of Chinese family planning policy. Lee asserted that her motion to reopen was not subject to the time restrictions for such motions because country conditions in China had changed; namely, the treatment of detainees had worsened, see 8 C.F.R. § 1003.23(b)(4)(i) ("The time and numerical limitations … of this section shall not apply if the basis of the motion is to apply for asylum … or withholding of removal … or withholding of removal under the Convention Against Torture, and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding.").

The government opposed Lee's motion, arguing that it was time-barred under 8 C.F.R. § 1003.23(b)(1) (providing for a 90-day period for filing motions to reopen), and barred because a motion to reopen shall not be made by a person who has since been removed from the United States, see id. ("A motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or

3

exclusion proceedings subsequent to his or her departure from the United States."). On August 14, 2009, the IJ denied Lee's motion solely on the ground that § 1003.23(b)(1) prohibited the filing of a motion to reopen once the alien has been removed.

Lee timely appealed to the Board of Immigration Appeals. On February 9, 2011, the Board dismissed the appeal. The Board, citing its decision in Matter of Armendarez-Mendez, 24 I. & N. Dec. 646 (BIA 2008), held that, under the applicable regulation, a motion to reopen shall not be made if the alien has departed the United States after administrative proceedings have been completed. The Board then stated an alternative holding, which we set forth in its entirety: "The respondent [Lee] did not file an appeal or a motion prior to her removal and she filed her motion to reopen 6 years after she reentered the United States. We therefore deny the motion alternatively in the exercise of discretion." A.R. 4.

Lee has timely petitioned for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1).

We will grant the petition for review and remand for further proceedings. After the motion to reopen proceedings had come to an end in Lee's case, we held in Prestol Espinal that the "post-departure bar" regulation, 8 C.F.R. § 1003.2(d), was invalid, because it is "inconsistent with the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1229a(c)(6)(A), (7)(A), which specifically grants an alien the right to file one motion to reconsider and one motion to reopen without any geographic limitation on that right." Prestol Espinal, 2011 WL 3314945, at *1. Although we specifically addressed the regulation pertaining to motions to reopen filed with the Board, our decision applies equally to 8 C.F.R. § 1003.23(b)(1)

4

and motions to reopen filed in Immigration Court. Accordingly, the basis for the Board's and IJ's decisions – the post-departure bar no – longer exists and a remand is necessary to address the other issues raised by Lee's motion to reopen.

The government has argued in its brief that, even if we hold that the post-departure regulations are invalid, we should nevertheless deny Lee's petition for review on the basis of the Board's alternative holding. The government argues that Lee's motion to reopen was untimely filed because it was not filed within 90 days of her September 22, 2000 order of removal as required by § 1003.23(b)(1), see Respondent's Brief, at 10-12. We are not persuaded by this argument because the time limitation does not apply if the motion to reopen shows that asylum or withholding of removal is appropriate based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered" since the time of the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). Under the standards we set forth in Zheng v. Att'y Gen. of U.S., 549 F.3d 260 (3d Cir. 2008), the agency must explicitly consider any country conditions evidence that materially bears on an applicant's claim, see id. at 268. The Board failed to do this. Lee submitted numerous items, including several recent United Nations human rights reports on China's use of torture, which, because the Immigration Court had jurisdiction over her motion to reopen, should be considered there *first*, before any determination is made concerning the timeliness of her motion to reopen.

The government also argues that the Board may, in the exercise of its discretion, deny a motion to reopen under 8 C.F.R. § 1003.2(a); Shardar v. Att'y Gen. of U.S., 503 F.3d 308, 313 (3d Cir. 2007), even if the party moving has made out a prima facie case

for relief, see Respondent's Brief, at 26.  We reject this principle as a basis for denying Lee's petition for review, because, in her case, it conflicts with our holding in Zheng, requiring the agency to explicitly consider any country conditions evidence that materially bears on an applicant's claim prior to exercising that discretion.  549 F.3d at 268.  Moreover, the Board denied Lee's motion "as a matter of discretion" on the ground that Lee waited over six years after re-entering the United States to file it, but the timeliness determination is governed by the statute and regulations, see, e.g., 8 C.F.R. § 1003.23(b)(1); 8 C.F.R. § 1003.23(b)(4)(i); 8 U.S.C. 1229a(c)(7)(C)(ii); 8 U.S.C. § 1158(a)(2)(B), and is not, strictly speaking, a discretionary determination.  The Board may not avoid a remand here by incorrectly labeling its decision as discretionary.  See Hernandez v. Ashcroft, 345 F.3d 824, 847 (9th Cir. 2003).

We will grant the petition for review and remand for further proceedings consistent with this opinion.  The Immigration Court should make a more complete analysis of the timeliness issues relating to Lee's motion to reopen.